**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN W. KING,<br><br>    Petitioner,<br><br>  v.<br><br>EDMUND BROWN,<br><br>    Respondent. | Case No. CV 18-09104-SVW (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254)** |

  Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition alleges that petitioner rented living space from Alfredo Robles. As a result of Mr. Robles's failure to fix a faulty window, it is alleged that petitioner was robbed. Based upon the robbery, petitioner filed a civil suit against Mr. Robles in the California Superior Court. Although petitioner asserts that he effectuated service of the complaint and summons, Mr. Robles failed to appear. Petitioner filed a request for entry of default judgment. The Superior Court refused to grant his request. Instead, it dismissed the action for failure to prosecute. (ECF No. 1 at 2-3.)

  According to petitioner, the Superior Court is "harassing" him by refusing to enter a default judgment and dismissing his case for failure to prosecute. In addition, the Superior Court has deprived him of "documentary evidence of the harassing

conduct" by failing to provide petitioner with transcripts. (ECF No. 1 at 4-5.) Finally, petitioner alleges that the Superior Court's failure to grant entry of default judgment as required by the California Code of Civil Procedure has deprived him of equal protection of the law. (ECF No. 1 at 5.)

The sole named respondent is Edmund Brown, former governor of California. As relief, petitioner seeks an order "commanding that Respondent enter default judgment in sum demand[ed] in the civil complaint" and asks the Court to "enjoin the underlying civil action." (ECF No. 1 at 6.)

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition and direct the clerk to notify the petitioner. *See also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). For the following reasons, the petition is subject to summary dismissal.

A habeas corpus action necessarily entails a challenge to either a conviction or a sentence imposed by a state court judgment. *See* 28 U.S.C. § 2254 (a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When success on a petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," those claims do not fall within the "core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). Further, if a claim does not lie at "the core of habeas corpus," then "it may not be brought in habeas corpus." *Nettles*, 830 F.3d at 931, 934.

Petitioner's claims, if successful, would not affect the validity or length of his confinement. Accordingly, they may not be raised in a habeas corpus petition. *See*

*Nettles*, 830 F.3d at 934-935 (petitioner's claim challenging disciplinary violation and seeking expungement was not cognizable in habeas corpus action because success on the merits of the claim would not necessarily entitle the petitioner to parole); *Ghane v. California State Attorney Gen.,* 2016 WL 3683327, at *2 (C.D. Cal. July 9, 2016) (summarily dismissing petition for lack of jurisdiction because petitioner did not attack a state court judgment and was not in custody pursuant to a state court judgment); *In re Armstead*, 2010 WL 2991525, at *1 (C.D. Cal. July 27, 2010) (summary dismissal appropriate where petitioner did not challenge a conviction or sentence).

Although this Court may, after obtaining informed consent from a prisoner, recharacterize a mislabeled habeas corpus petition as a civil rights action[1], *see Nettles*, 830 F.3d at 935-936, the Court declines to do so here. A "habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d at 936. Here, it is not clear whether the petition names the "correct defendants" or seeks the "correct relief." *See Nettles*, 830 F.3d at 936. In addition, the congressionally mandated filing fee for a prisoner civil rights complaint is currently $350, whereas the fee for a habeas petition is $5. *See* 28 U.S.C. § 1914(a). While a civil rights action may proceed despite the prisoner's inability to prepay the entire $350 if he is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a), he must still agree to pay the entire filing fee in installments, even if his complaint is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). In these circumstances, conversion of the petition into a civil rights complaint is not

---

[1] The Court expresses no opinion as to the viability of any such action.

3

appropriate. *See Jorgenson v. Spearman*, 2016 WL 2996942, at *1 (C.D. Cal. May 22, 2016) (declining to convert a flawed habeas petition into a civil rights complaint "in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters").

\* \* \*

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4.

DATED: January 22, 2019

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE